Tueley, J.
delivered the opinion of the court.
The facts of this case are as follows: on the 23d day of Feb-uary, 1839, the administrators of Jeremiah Brown, exposed a negro to public sale. Abner Gupton and Andrew Vance bid for her. Vance, being the highest bidder, was declared by the auctioneer the purchaser. Gupton then observed to him, that he wanted the negro, and Vance replied, come along, I bought her for you. They went off together, and afterwards the bill of sale was executed by the administrators to Gupton; Vance paid them the consideration. The proof is contradictory as to whether the negro was ever in Vance’s actual possession, Vance’s *469 creditor levied his execution upon the negro and sold her, and this action is brought by Gupton to recover damages, for a trespass upon his right in selling her.
The judge charged the jury, “that if Vance were the last and highest bidder, and the negro was cried off to him, then upon his complying with the terms of the sale, the title to the negro vested in him. If he purchased as the agent rf Gupton, the title would vest in Gupton, but that if he made the purchase on his own account, although he intended at the time to sell her to Gupton, and did immediately after sell her to him, the title to said negro as to Vance’s creditors would be in him, and liable to be sold for the payment of his debts.” Thejury found a verdict against Gupton, the plaintiff in error, and the court refused a new trial, upon which a writ of error is prosecuted to this court. The charge of the court below, is unquestionably correct in point of law, and we find nothing in the facts, warranting us, upon well established principles, to grant a new trial. If the title to the negro vested in Vance by the sale, as it certainly did, it could only be passed from him as against creditors, by a bill of sale duly proven or acknowledged and registered, as this court held in the case oí Johnson & Heam vs. Morgan & Allison. 2 Hump. Rep. 115. In the case of Dougherty, administrator vs. Curle and others, 2 Hump. Rep. 458, the proposition is laid down, “that a sale of a slave by parol is void.” This proposition is too general and not true in the abstract; it is true as applicable to that particular case, for it was a case of a creditor. In the case of Tatum vs. Jamison, 2. Hump. Rep. 800, the court says; “It has been held by construction, that in the sale of a slave, the title as between the parties passes by delivery, and that a deed registered, is only necessary as it regards the creditors of the vendor.”
The judgment of the circuit court is, therefore, affirmed.